UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-1412(DSD/SRN)

Mahmoud Soltan and
Siri Soltan,

    Plaintiffs,

v.             **ORDER**

Accor North America, Inc.
and Olivier Piorot, C.E.O.,

    Defendants.

  Mahmoud M. Soltan and Siri L. Soltan, P.O. Box 277, Long
  Lake, MN 55356, pro se.

  Louise A. Behrendt, Esq., Michael S. Kreidler, Esq. and
  Stich, Angell, Kreidler & Dodge, 250 Second Avenue South,
  Suite 120, Minneapolis, MN 55401, counsel for defendants.


This matter is before the court on the parties' cross-motions for summary judgment and, alternatively, defendants' motion to dismiss for failure to state a claim. After a review of the file, record and proceedings herein, and for the following reasons, the court grants defendants' motion to dismiss.


**BACKGROUND**

Pro se plaintiffs Mahmoud M. and Siri L. Soltan (the "Soltans") have worked full-time as servers at the Hotel Sofitel in Bloomington, Minnesota, since November 2004. (Compl. ¶ 4.) Defendant Accor North America, Inc. ("Accor"), provides various support services to Hotel Sofitel, including calculating and

producing paychecks for its employees. As servers, the Soltans earn the hourly minimum wage and tips. (Id. ¶ 4, Exs. 5-6.)

In 2007, the Soltans were defendants in two unrelated civil actions that resulted in monetary judgments against them. (See id. ¶ 4, Exs. 1-2.) On October 16, 2007, Accor received a garnishment[1] summons and disclosure from LVNV Funding, LLC ("LVNV") with respect to LVNV Funding, LLC v. Siri L. Soltan, No. 27-CV-06-18762 (Minn. Dist. Ct. Sept. 28, 2007). (Compl. Ex. 1.) Accor later received garnishment summonses and disclosures from Crown Asset Management, LLC ("Crown Asset") with respect to Crown Asset Management, LLC v. Mahmoud M. Soltan & Siri L. Soltan, No. 27-CV-06-1724 (Minn. Dist. Ct. Nov. 28, 2006). (Compl. Ex. 2.) Thereafter, Accor retained a percentage of the Soltan's nonexempt disposable earnings, including their tips, and remitted the money to LVNV and Crown Asset upon receipt of levies and writs of execution. (Id. ¶ 4, Exs. 1-2.) In total, Accor withheld $2,595.62 and $9,903.76 from the respective earnings of Siri and Mahmoud Soltan.[2] (Id. ¶ 5.)

On June 16, 2009, the Soltans filed a claim against Accor and its chief executive officer, Olivier Piorot, pursuant to 42 U.S.C. § 1983, asserting that defendants unlawfully garnished their wages

---

[1] "A garnishment is an action by a creditor to obtain satisfaction of an indebtedness out of the property of the debtor in the hands of a third person." Lillehaug v. City of Sioux Falls, 788 F.2d 1349, 1352 (8th Cir. 1986) (citations omitted).

[2] Accor claims that it withheld a total of $2,592.62 from Siri Soltan's earnings.

2

and failed to provide notice of the garnishment as required by Minnesota law, in violation of their right to due process under the Fourteenth Amendment.[3]  (Id. ¶¶ 3-4, Ex. 4.)  The Soltans seek payment of their withheld earnings and punitive damages from defendants.  (Id. ¶ 5.)  On July 24, 2009, the Soltans moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. On August 11, 2009, defendants moved for summary judgment or, alternatively, dismissal for failure to state a claim pursuant to Rule 12(b)(6).

**DISCUSSION**

**I. Rule 12(b)(6) Standard**

A complaint must, after taking all facts alleged in the complaint as true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need not contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting

---

[3] The court liberally construes the Soltan's pleadings. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id. at 1950 (quotations and citation omitted).

As a preliminary matter, the court must determine what evidence it may consider with respect to defendants' motion to dismiss. The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d) (when outside matters presented and not excluded, motion converts to summary judgment). In this case, the pleadings consist of the complaint and exhibits that contain correspondence between the Soltans and Accor and copies of the Soltans' paychecks. (Compl. Exs. 1-9.) See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (defining "pleadings" as complaint, exhibits attached to complaint, matters of public record and orders). The court does not consider evidence submitted by the parties, including affidavits, to the extent that the evidence does more than merely reiterate the pleadings. See BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687 (8th Cir. 2003) (matters outside the pleadings include "written or oral evidence in support of or in opposition to

the pleading[s] that provides some substantiation for and does not merely reiterate what is said in the pleadings.") (citation and quotation omitted).

## II. Section 1983 Claim

Pursuant to § 1983, the Soltans assert that Accor deprived them of their constitutional right to due process by unlawfully garnishing their earnings and failing to provide notice of the garnishment. (Compl. ¶¶ 3-4, Ex. 4.) See U.S. Const., amend. XIV, § 1 ("[N]or shall any State deprive any person of life, liberty, or property without due process of law."); Graham v. Connor, 490 U.S. 386, 393-94 (1989) (§ 1983 not a source of substantive rights, but rather "a method for vindicating rights elsewhere conferred.") (citation and quotation omitted). To state a § 1983 claim, the Soltans must establish that (1) defendants acted under color of state law and (2) defendants' wrongful conduct deprived them of a constitutionally protected federal right. See Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009) (citation omitted). Defendants argue that the Soltans fail to state a claim under § 1983 because they cannot establish the first element.

In general, "the under-color-of-state-law element ... excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Ams. United for Separation of Church & State v. Prison Fellowship Ministries, Inc., 509 F.3d 406, 421 (8th Cir. 2007) (citation and quotation omitted). However, when "a private

5

party defendant performs an act ordinarily performed by private parties and it triggers action by state officials, the defendant's actions are committed 'under color of' state law if the conduct qualifies as state action under the fourteenth amendment." See Roudybush v. Zabel, 813 F.2d 173, 176 (8th Cir. 1987) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982)). In other words, for a claim against a private party defendant to be actionable under § 1983, the defendant's conduct must be "fairly attributable" to the state. See id. (citing Lugar, 457 U.S. at 937).

The "fair attribution" test has two parts. Id. First, under the state policy component, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State." Id. (citing Lugar, 457 U.S. at 937). Second, the state actor component requires the private party defendant to have "acted together with or . . . obtained significant aid from state officials" or engaged in "conduct otherwise chargeable to the State." Id. at 177 (citing Lugar, 457 U.S. at 937).

   A.  **State Policy**

The "state policy component is met when the [defendant] has acted in conformity with an allegedly unconstitutional state statute or well-settled custom." Id. In the instant action, the Soltans do not allege that Minnesota garnishment law is

6

unconstitutional. Instead, they argue that defendants violated the procedures set forth by Minnesota law. It is well-settled, however, that a private party's unlawful use of a constitutional state statute does not satisfy the state policy component. Id.; see also Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1129-30 (8th Cir. 1988) (private party's misuse of Missouri replevin statute insufficient to establish § 1983 claim); Higbee v. Starr, 698 F.2d 945, 946 (8th Cir. 1983) (no state action when private party defendant improperly used Arkansas eviction statute). In such circumstances, the defendant's wrongful conduct cannot be attributed to any governmental decision or policy. See Lugar, 457 U.S. at 940; Roudybush 813 F.3d at 176. Therefore, the Soltans have not alleged sufficient facts to establish the first element of the fair attribution test, and dismissal pursuant to Rule 12(b)(6) is warranted on this basis.

**B. State Actor**

Moreover, even assuming the Soltans could satisfy the state policy component, dismissal is appropriate because they cannot establish the state actor component. Under this prong, a plaintiff must show that "the private party acted in concert with or obtained significant aid from state officials who were themselves involved in a constitutional violation." Audio Odyssey, Ltd. v. Brenton First Nat'l Bank, 245 F.3d 721, 740 (8th Cir. 2001) (citations omitted), opinion reinstated by 286 F.3d 498 (8th Cir. 2002) (en

banc); Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997) (liability under § 1983 attaches when private actor willingly participates in joint action with state.) "Otherwise stated, there must be a meeting of the minds, or a mutual understanding between a private party and public officials to engage in conduct that violates the plaintiff's federal rights." Audio Odyssey, 245 F.3d at 740 (citation and internal quotations omitted). In the instant case, the Soltans have alleged no facts suggesting that defendants acted in concert with state officials to violate their federal rights. Therefore, because the Soltans cannot establish that defendants acted under color of state law, they have failed to allege a facially plausible claim under § 1983. Accordingly, the court dismisses their claim under Rule 12(b)(6).

## CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for summary judgment [Doc. No. 5] is denied;

2. Defendants' motion to dismiss [Doc. No. 14] is granted;

3. Defendants' motion for summary judgment [Doc. No. 14] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 11, 2010                 s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court